37 F.3d 1499
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Leslie SMITH, Plaintiff-Appellant,
v.
Herbert MAYFIELD, Adjustment Committee Chairman; Allan
Brown, Adjustment Committee Member; M. Cooper,
Adjustment Committee Member, Defendants-Appellees.
 No. 93-6519.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1994.
 
 Before: NELSON, SUHRHEINRICH and SILER, Circuit Judges.
 
 ORDER
 
 1
 Leslie Smith appeals pro se from a district court judgment dismissing a civil rights action that he had filed under 42 U.S.C. Sec. 1983. His appeal has been referred to a panel of this court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Smith is a Kentucky prisoner who alleged that the defendants violated his constitutional right to due process because they relied on insufficient evidence in finding him guilty of a disciplinary violation. He alleged that the defendants sentenced him to 15 days of administrative segregation for failing to respond to a page, even though the speaker system was defective. In their answer, the defendants argued that the complaint should be dismissed for failure to state a cognizable claim. On October 4, 1993, the district court dismissed the case under Fed.R.Civ.P. 12(b)(6). The court found that the defendants' decision to find Smith guilty was void because it had been reversed by the warden on appeal. It also found that Smith's claim was not actionable, in light of the broad discretion that is afforded prison officials in the day-to-day operation of their institutions. It is from this judgment that Smith now appeals. The defendants have elected not to file a brief on appeal.
 
 
 3
 In reviewing the dismissal of Smith's case under Rule 12(b)(6), we must construe the complaint in the light most favorable to him, accept all of his factual allegations as true, and determine whether he undoubtedly can prove no set of facts that would entitle him to relief on his claim. See Meador v. Cabinet for Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 498 U.S. 867 (1990). Upon de novo review, we conclude that the dismissal of Smith's case was proper under this standard, but for other reasons than those which were articulated by the district court. See Foster v. Kassulke, 898 F.2d 1144, 1146 (6th Cir.1990).
 
 
 4
 There is no inherent constitutional right to remain free of administrative segregation. Hewitt v. Helms, 459 U.S. 460, 468 (1983). However, a protected liberty interest may be created by a state statute or regulation if it uses mandatory language in connection with specific substantive predicates to place substantive limitations on the discretion of prison officials. Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 462-63 (1989). Our court has ruled that Kentucky prisoners have a liberty interest in remaining in the general prison population which entitles them to due process. Black v. Parke, 4 F.3d 442, 446-47 (6th Cir.1993). However, Kentucky prisoners are only entitled to minimal due process protections when they are placed in administrative segregation. Id. at 447-48. Therefore, Smith was constitutionally entitled only to notice of the charges against him, an opportunity to present his views to the appropriate prison officials, and review of the charges and available evidence within a reasonable time of his transfer. See Hewitt, 459 U.S. at 476; Black, 4 F.3d at 447.
 
 
 5
 The complaint shows that Smith received all of the process to which he was entitled. The disciplinary report was issued on November 28, 1992. The next day, Smith was notified that he had been charged with interfering with an employee in the performance of his duty, as several officers had to leave their assigned duties to look for him when he did not answer the page. Smith was afforded a hearing on December 2, 1992, at which he argued that he had not heard the page and presented evidence which indicated that the speaker system was inadequate. The defendants reviewed all of the evidence, but relied on the charging officer's report and testimony to find Smith guilty. In addition, Smith states that the defendants' decision was reviewed by the warden on December 22, 1992.
 
 
 6
 Nevertheless, Smith argues that the defendants violated his right to due process because the warden found that there was insufficient evidence to support their decision. The requirements of due process are satisfied as long as there is "some evidence" to support a prison disciplinary decision. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 447 (1985). In the present case, the charging officer's report and testimony does provide some evidence of Smith's guilt. See id. at 456.
 
 
 7
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.